UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
JASON LATIMORE,                     )
                                    )
       Plaintiff,               )
                                    )
       v.                       )    Civil Action No.
                                    )    14-13685-FDS
BOSTON POLICE DEPARTMENT,           )
                                    )
       Defendant.               )
_____)

## MEMORANDUM AND ORDER

**SAYLOR, D.J.**

For the reasons set forth below, the Court will (1) deny without prejudice plaintiff's application to proceed without prepayment of fees; (2) deny without prejudice plaintiff's motion for injunctive relief; and (3) grant plaintiff 35 days to file a complaint and either pay the filing fee or file an application to proceed in district court without prepaying fees or costs.

**I.    Background**

On September 22, 2014, plaintiff Jason Latimore, a resident of Dorchester, filed a motion for injunctive relief accompanied by an application to proceed without prepayment of fees. As best can be gleaned from the emergency motion, Latimore is a defendant in an action pending in the Boston Municipal Court (the "BMC"). He seeks to have this Court enjoin the Boston Police from filing new charges against him. He has been summoned to appear in the BMC on October 2, 2014. Latimore contends that those charges were previously dismissed on three separate occasions and that he has filed separate lawsuits for malicious prosecution and for the return of $730 that was seized during his arrest.

Latimore seeks to have this Court "look into the conduct of the Boston Police Department

and the handling of [his] prosecution on case #1301CR001501 in BMC." He seeks restraining orders against two police officers and asks for a hearing.

## II. Analysis

### A. Filing Fee

The fees for filing a civil action are the $350 filing fee and the $50 administrative fee.[1] *See* 28 U.S.C. § 1914(a) ($350 filing fee for all non-habeas civil actions). An indigent litigant may request leave to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a)(1). The eligibility standard in 28 U.S.C. § 1915(a)(1) for *in forma pauperis* ("IFP") status is "unable to pay such fees or give security therefor." The determination of what constitutes "unable to pay" or unable to "give security therefor," and, therefore, whether to allow a plaintiff to proceed IFP is left to the sound discretion of the district court based on the information submitted by the plaintiff. *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y.), *aff'd*, 52 Fed. Appx. 157 (2d Cir. 2002) (citing *Williams v. Estelle*, 681 F.2d 946, 947 (5th Cir. 1982); *Potnick v. Eastern State Hospital*, 701 F.2d 243 (2d Cir.1983)).

In *Adkins v. E.I. DuPont de Nemours, Inc.*, 335 U.S. 331 (1948), the Supreme Court held that one need not be absolutely destitute to enjoy the benefit of proceeding in forma pauperis. An affidavit to proceed IFP is sufficient if it states that one cannot, because of his or her poverty, afford to pay for costs of litigation and still provide himself and his family the necessities of life. *Id.* at 339.

In addition, courts routinely look to household income and assets in gauging ability to pay. *See e.g., Fridman*, 195 F. Supp. 2d at 537 (in IFP context, "a court may consider the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with

---

[1] The $50 administrative fee became effective May 1, 2013. *See* Judicial Conference Fee Schedule.

the 'necessities of life' ") (citations omitted); *Zhu v. Countrywide Realty Co.*, 148 F. Supp. 2d 1154, 1156 (D. Kan. 2001) ("In a number of cases, courts have found that the income and assets of close family members are relevant to a determination of indigency . . . ."); *Monti v. McKeon*, 600 F. Supp. 112, 114 (D. Conn. 1984) ("in ruling on motions to proceed in forma pauperis, other courts have considered the income of interested persons, such as spouses and parents, in evaluating the funds available to the movant"); *Dycus v. Astrue*, 2009 WL 47497, *2 (S.D. Ala. Jan. 7, 2009) ("The question . . . is whether the litigant is 'unable to pay' the costs, and the answer has consistently depended in part on [the] litigant's actual ability to get funds from a spouse, a parent, an adult sibling, or other next friend.") (citations omitted).

In his application, Latimore declared under the penalty of perjury that he is not employed and that he receives monthly benefits in the amount of $200 through the Supplemental Nutrition Assistance Program ("SNAP"). He owns no property and has no dependents. Although the Court recognizes that Latimore has no formal source of income, his application will be denied without prejudice. First, the application is incomplete because Latimore failed to completely answer Question 2 concerning former employment and Question 3 concerning the amount of SNAP payments that he expects to continue to receive. In addition, Latimore's request was submitted on an older version of the application form. Because the older form fails to include information concerning monthly expenses, the Court cannot determine whether Latimore is indigent within the meaning of the statute. Latimore will be provided with an opportunity to re-file a completed application to proceed in district court without prepaying fees or costs.

### B. <u>Motion for Injunctive Relief</u>

As a threshold matter, Latimore started this case by filing a motion seeking emergency injunctive relief. He has not filed a "complaint" in accordance with Rule 3 of the Federal Rules

of Civil Procedure. Fed.R.Civ.P. 3 ("A civil action is commenced by filing a complaint with the court"). "In the absence of a complaint . . . setting out the basis for jurisdiction, the Court lacks the jurisdiction to grant either a temporary restraining order ('TRO') or a preliminary injunction." *Greene v. Phila. Hous. Auth.*, No. 11–MC–60, 2011 WL 1833011 (E.D. Pa. May 11, 2011) (citing *Powell v. Rios*, 241 F. App'x 500, 505 n. 4 (10th Cir. 2007)). Absent a properly-filed complaint, a court lacks power to issue preliminary injunctive relief. *Lester v. City of Albuquerque*, No. 13-0127-JB/KBM, 2013 WL 685378 (D.N.M. 2013) (citing *Alabama v. United States Army Corps of Eng'rs*, 424 F.3d 1117, 1134 (11th Cir.2005) ("injunctive relief must relate in some fashion to the relief requested in the complaint"); *Adair v. England*, 193 F. Supp. 2d 196, 200 (D.D.C. 2002) ("When no complaint is filed, the court lacks jurisdiction to entertain the plaintiff's motion for [preliminary] injunctive relief."); *P.K. Family Rest. v. IRS*, 535 F. Supp. 1223, 1224 (N.D. Ohio 1982) (denying request for temporary restraining order because "[a]bsent a complaint, this Court lacks jurisdiction to entertain plaintiff's petition for injunctive relief")). Here, Latimore has not filed a complaint. Because of this, the Court cannot grant the requested motion.

Moreover, Latimore's request for this Court to interfere in ongoing state criminal proceedings comes within the core of the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971); *In re Justices of the Superior Court*, 218 F.3d 11, 16 (1st Cir. 2000). A federal court must abstain from reaching the merits of a case over which it has jurisdiction if (1) there is an ongoing state judicial proceeding, instituted prior to the federal proceeding (or, at least, instituted prior to any substantial progress in the federal proceeding), (2) that implicates an important state interest, and (3) that provides an adequate opportunity for the plaintiff to raise the claims advanced in his federal lawsuit. *See Brooks v. New Hampshire Supreme Court*, 80 F.3d 633 (1st Cir. 1996) citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n.,* 457 U.S.

423, 432 (1982). *Younger* abstention contemplates dismissal with presentation of both federal and state claims to the state forum. *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973).

If Latimore wishes to file a complaint, he will be granted additional time to do so. Any complaint filed must conform with the requirements of the Federal Rules of Civil Procedure and this Court's Local Rules. Plaintiff is advised that a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331. 1332, confer "federal question" and "diversity" jurisdiction, respectively. If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3). The claims in a complaint must be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The Court's Local Rules mandate that typed complaints be double-spaced (except for the identification of counsel, title of the case, footnotes, quotations and exhibits). *See* Local Rule 5.1(a)(2).

**III.** **Conclusion**

For the foregoing reasons,

1. Plaintiff's Application to Proceed Without Prepayment of Fees is DENIED without prejudice to its renewal.

2. Plaintiff's Motion for Preliminary Injunction is DENIED without prejudice to its renewal.

3. If plaintiff wishes to pursue this action, he shall, within 35 days of the date of this memorandum and order, (1) file a complaint and (2) either pay the $400 filing fee or file a new, fully completed application to proceed in district court without

5

prepaying fees or costs. The clerk shall send plaintiff a copy of the AO 239 Long Form application to proceed in district court without prepaying fees or costs. If plaintiff fails to file a complaint and submit a new application or pay the filing fee, this action will be dismissed.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: October 1, 2014